## MAPLE ET AL. *v.* BEACH.

JUDGMENT.—*Evidence.*—A judgment is always evidence of the fact that such a judgment has been given, and of the legal consequences which result from that fact, whether the person against whom it is offered in evidence was a party to the action in which it was rendered or not.

SAME.—But when a judgment is offered, not merely as evidence of its own existence, but as proof of some fact or facts upon the supposed existence of which the judgment was founded, the general rule is, that it is not binding upon any one except the parties thereto, those who might legally have become parties, and those in privity with them.

SAME.—The binding force and effect of a judgment offered in evidence must be mutual.

PLEADING.—*Complaint.*—A complaint must show a cause of action in favor of all those who unite as plaintiffs.

| 43 | 51 |
|---|---|
| 136 | 653 |
| 43 | 51 |
| 138 | 92 |
| 138 | 138 |
| 43 | 51 |
| 140 | 459 |
| 143 | 438 |
| 43 | 51 |
| 144 | 538 |
| 43 | 51 |
| 150 | 313 |
| 152 | 588 |

From the Henry Circuit Court.

*M. E. Forkner* and *E. H. Bundy*, for appellants.

*J. Brown* and *R. L. Polk*, for appellee.

DOWNEY, J.—This was an action by the appellants against the appellee. The amended complaint consisted of four paragraphs, each of which was, on demurrer thereto, adjudged insufficient, on the ground that it did not state facts sufficient to constitute a cause of action, and these rulings of the court are assigned as errors.

It appears that Stephen B. Beach was the owner of certain real estate, which he and his wife conveyed to their two sons, Elias, the appellee, and George, they agreeing to support their parents; the mother, Ann Beach, having a mortgage on the land for eighteen hundred dollars; that after this arrangement had been made and been acted upon for a time, Joseph

Copeland became the guardian of Stephen B. Beach, on the ground, as it may be presumed, of his insanity, and instituted a suit or suits against the sons, Elias and George, the object of which was to set aside the conveyance of the land from their father to them. While this suit or these suits were pending, and, as it would seem, after the trial of them had commenced, Copeland, as such guardian, and Elias and George made a compromise and settlement of the matters in controversy, which was drawn up in the form of an agreement, but does not appear to have been signed, and which was entered of record and followed by a judgment of the court, following exactly, in its terms, this agreement. By this judgment it is determined that the mother of said Elias and George shall relinquish her mortgage on the real estate; that said Elias and George maintain and support their father and mother during their lives; that Elias and George have the control and possession and the rents and profits of the real estate for seven years and during the lives of their father and mother and the survivor of them; that they keep the farm in good repair and pay the interest on a sinking fund mortgage on same, during the same period; that at the death of both of said parents, the real estate be divided among the children of said Stephen as follows: Two-tenths to Elias, two-tenths to George, and one-tenth to each of the six daughters, or the heirs of any deceased daughter, provided, that the division shall not be made before the seven years shall expire, or the right of possession of said Elias and George be in any way impaired; that at the expiration of the seven years or at the decease of said parents, the children shall pay off the sinking fund mortgage in proportion to their interest in the land, and in case the payment of the mortgage be required sooner, each party shall pay his or her proportion at that time. It was further decreed that proper quitclaim deeds should be executed by the mother and all of said children, so as to vest in each one the interest in said real estate above specified, subject to the right of possession of said Elias and George, as above men-

tioned, the deeds to be executed within ninety days; that said Elias and George pay the taxes on the real estate during their possession; that they shall not cut down timber except for firewood, repairs, and improvements on the place; that Elias and George pay their own costs and attorney's fees, and that the other six children each pay one-sixth of the plaintiffs' costs, including attorney's fees, and that the costs of each one remain a lien on his share of the land until paid. It was further ordered that in case any son or daughter and her husband, competent to make deeds, fail or refuse within ninety days from that date to execute deeds as above decreed, on application therefor, then and in that event the portion which he or she would otherwise receive under the foregoing agreement and decree, shall not go to him or her, but shall be divided among the other parties specified, in the same proportion in which the other real estate is divided. It was further adjudged that the deadening on the eighty-acre tract on which said George lived might be cleared up by Elias and George, and the wood on it be disposed of at their pleasure; that the two or three acres of green timber on the eighty-acre tract occupied by Elias, necessary to be cleared to make the field straight, might also be cleared by them, and the timber used by them, except such parts as would make rails or improvements on the farm, which was to be applied exclusively in repairing and improving the farm; and a complete record in said cause was ordered to be made.

The action in the case under consideration was brought by four of the daughters with their husbands, the minor children and surviving husband of another daughter, and by Copeland, the guardian. Stephen B. Beach is not a party except as he is represented by his guardian. The mother of Elias and George is not a party, nor is George a party to this action. None of the parties to this action were parties to the suit in which the above judgment was rendered except Copeland, the guardian, and Elias Beach. From the judgment on which the complaint is predicated, it appears that there were six of the children of Stephen B. Beach, besides

Elias and George.   But, as we have already said, only four
of them and the children and husband of another are parties
to this action.

In the first paragraph of the amended complaint, it is
alleged that by virtue of the decree, a copy of which is filed,
Martha Canult, Sarah Kelly, Margaret Graham and Louisa
Green, and George Maple, Ezra Maple, and Arthur Maple,
as heirs of Harriet Maple, are each the owners in fee simple
of the undivided one-tenth of the real estate, a description
of which is given, subject to the life estate thereafter men-
tioned; that George Maple was the husband of Harriet
Maple, formerly Harriet Beach, and is the father of the said
Ezra and Arthur; Henry Canult is the husband of said
Martha; James Kelly is the husband of said Sarah; Benjamin
Graham is the husband of said Margaret, and Jesse Green
is the husband of said Louisa; the said Harriet, Martha,
Sarah, Margaret, and Louisa being daughters of said Stephen
B. Beach; that said Elias Beach is the owner of a life estate
in said land for and during the natural life of said Stephen
B. Beach and his wife, Ann Beach, and of the survivor of
them, and of the fee simple of two-tenths of said land by
said decree; that by purchase from George he is the owner
of an additional interest of two-tenths of said land in fee
simple, in all four-tenths thereof, and is in possession of all
of said land; that said Stephen B. Beach and his wife, Ann,
are still living; that by the terms of said decree the said
defendant is not to cut the timber off said farm except for
firewood, repairs, and improvements on the farm, except
a certain deadening and a small portion of green timber,
both of which he has a right to clear up, etc.   It is then
alleged that, in violation of said decree and to the irreparable
damage of the inheritance of the plaintiffs, the defendant has
committed great waste upon said farm, in this, he has cut a
great number of timber trees thereon and removed the same
therefrom and converted them to his own use, the amount and
number of which are, to the plaintiffs, unknown; that they
were neither cut, used, nor appropriated for use as firewood,

repairs, or improvements on said farm, nor were they cut on the tract above named, on which, by said decree, he might lawfully cut timber; that said defendant is threatening and about to cut other timber on said farm, which, by said decree, he has no right to do, to the irreparable injury of the inheritance of these plaintiffs. Prayer that the defendant be required to answer for and account for the trees cut; that he answer the interrogatories filed with the complaint; that he be restrained from cutting other timber until the final hearing; that they have judgment against him for the timber cut and damages; that he be perpetually enjoined from committing waste, etc.

In the second paragraph, after referring to the decree or judgment, the copy of which is filed with the first paragraph of the complaint, and making it part of this, it is alleged that the plaintiffs have fully performed all and singly the matters and things required of them in said decree; that said George Beach, since said decree, conveyed all his interest in said land to said Elias Beach; it is alleged that the defendant has wholly failed and refused to perform the things required of him in said decree, in this, that he has wholly failed and refused, and yet fails and refuses, to execute and deliver to the plaintiffs the quitclaim deeds mentioned and required of him in said decree, though often requested so to do; wherefore the plaintiffs demand specific performance of said decree, and that the defendant be ordered and directed to execute and deliver to said plaintiffs the deeds required of him in said decree, and that his interest in said land be declared forfeited unto the plaintiffs.

After referring to the decree or judgment, and making it a part thereof, it is averred in the third paragraph, that after the rendition thereof the said George conveyed his interest in said land to said defendant, Elias; that within the time specified in the decree, the plaintiffs executed and tendered to said George and Elias the deeds of conveyance required of them in the decree, and demanded of them the conveyance required of them in said decree, and have been ready and

willing, and are yet ready and willing, to execute and deliver the same unto them, as well as to do and perform all other things required of them in said decree, and they bring said deeds into court and tender them to the defendant. It is then stated that the defendant has wholly failed and refused, and yet fails and refuses, to execute to the plaintiffs the deeds required of him in the decree; that the defendant has committed and is threatening to commit great waste upon said lands, to the irreparable damage of the plaintiffs' inheritance in said land, in cutting and removing from the same valuable timber and timber trees on that portion of said land on which, by said decree, he has no right so to do. Prayer for specific performance of the decree, that the defendant convey, that his interest in said land be forfeited to the plaintiffs, that he be enjoined from committing further waste, and that he account for the waste already committed, etc.

The fourth paragraph is like the third, with the addition that it is stated that in said decree the mother of the defendant was to release her mortgage mentioned therein, upon the condition that said Elias and George would maintain and support her, and upon no other consideration; that she was not a party to said action, but fully advised and assisted in procuring the compromise; that ever since the rendition of the decree, the defendant and Elias [George] Beach have fully maintained and supported their said mother; wherefore they say that she is estopped from claiming any rights under said mortgage. They further aver that said defendant has committed, and is about to commit, waste, etc., as in preceding paragraphs, and pray for specific performance, the forfeiture of the defendant's interest in the land to the plaintiffs, for an accounting as to the waste, for an injunction, etc.

It is clear, we think, that the unsigned agreement or memorandum on which the judgment in question was based, and which, in its terms, it closely follows, can give no support to the decree or judgment, or add anything to the facts alleged as a cause of action in any of the paragraphs of the complaint. So far as we can see, it was but a memorandum of

what the parties had agreed should be embraced in the judg-
ment. The judgment and the complaint in this case upon
it must stand or fall without any reference to that memoran-
dum. In the view which we have taken of the complaint,
it is not necessary for us to examine separately the different
paragraphs which it contains. Counsel for appellants regard
the judgment or decree as of itself vesting in the children
of Stephen B. Beach the title and ownership of the land, in
the proportions mentioned therein, without any conveyance
for that purpose by any one. If we could so regard the
judgment, it would follow, we think, that so far as the com-
plaint seeks the specific performance of the decree or judg-
ment, the action must be regarded as wholly unnecessary.
But we have concluded that we need not decide this point,
except as it may be incidentally decided in disposing of the
case on another ground.

It seems to us that the idea of a complaint for the specific
performance of a judgment or decree is novel, to say the
least of it. It was sometimes necessary in the former equity
practice to file a bill to carry a decree into execution; but
this was done when the parties had neglected to proceed
upon the decree; their rights under it becoming so embar-
rassed by subsequent events, that it became necessary to
have the decree of the court to settle and ascertain them.
Mitford Ch. Pl. 95. But the remedy sought in this case
is not of this nature. So far as the complaint seeks to
enforce the execution of deeds by the children to each other,
if the judgment is valid, this was unnecessary, for the statute,
2 G & H. 230, sec. 407, provides, that when the judgment
requires the performance of any act, other than the payment
of money, or delivery of real or personal property, a certi-
fied copy of the judgment may be served upon the party
against whom it is given, or upon the person or officer who
is required thereby, or by law, to obey the same, and his
obedience thereto enforced; if he refuse, he may be punished
by the court as for contempt. We think, however, that it
was intended by the decree or judgment that deeds should

be executed by the mother and all the children, so as to vest in each one the interest in the real estate specified in the judgment. It is so expressly provided, and the time is limited within which it should be done.

We have come to the conclusion that the decree or judgment is not a valid and sufficient foundation for this action. None of the plaintiffs except Copeland, the guardian, were parties to the suit in which the judgment was rendered. There is no ground upon which it can be claimed that he is a necessary or proper party to this action upon the judgment. He as the guardian of Stephen B. Beach has no interest in the decree, except so far as it secures the maintenance of his ward. There is no complaint that the sons, Elias and George, have not fully performed what they agreed to do in this respect. All the other plaintiffs are strangers to the judgment. As to them it is *res inter alios acta.*

A judgment is always evidence of the fact that such a judgment has been given, and of the legal consequences which result from that fact. 1 Starkie Ev. 317; 1 Greenl. Ev., sec. 538. This is true whether the person against whom it is offered as evidence was a party to the action in which it was rendered or not. But when the judgment is offered not merely as evidence of its own existence, but as proof of some fact or facts upon the supposed existence of which the judgment was founded, the rule is very different. When the judgment is offered for this last named purpose, the general rule is, that it is not binding upon any one except the parties thereto, those who might legally have become parties, and those in privity with them. 1 Stark. Ev. 323; and 1 Greenl. Ev., sec. 252.

Another principle which governs in the admissibility and effect of judgments as evidence is, that the binding force and effect of the judgment must be mutual. Prof. Greenleaf, speaking of judgments as evidence, says: " But to prevent this rule from working injustice, it is held essential that its operation be mutual." Vol. 1, sec. 524. Mr. Starkie says:

" It is a general rule, that a verdict shall not be used as evidence against a man where the opposite verdict would not have been evidence for him; in other words, the benefit to be derived from the verdict must be mutual. This seems to be no more than a branch of the former rule, that to make the judgment conclusive evidence, the parties must be the same, for then the benefit and prejudice would be mutual and reciprocal. Where the parties are not the same, one who would not have been prejudiced by the verdict can not afterward make use of it, for between him and a party to such verdict the matter is *res nova*, although his title turn upon the same point." Vol. 1, p. 331.

The use sought to be made of the judgment in this case is to show the invalidity of the title of Elias and George Beach, under the deed from their father. Now it is very clear that the plaintiffs in this action, who were not parties to that suit, would not have been bound by the judgment in that case, had it been in favor of the validity of that title, instead of being against it, and consequently the defendants in that judgment, Elias and George Beach, are not, as between them and these plaintiffs, bound by it.

So far as the charge of waste is concerned, it stands upon no better foundation. If the children of Stephen B. Beach were conceded to be the owners in common of the land, it would be difficult to see how a complaint in favor of part of them, in connection with Copeland, the guardian, could be sustained, under the rule which requires the complaint to show a cause of action in favor of all those who unite as plaintiffs.

There are other difficulties in the way of sustaining the complaint which may be mentioned, although nothing with reference to them need be decided.

1. There is no allegation that the mother of Elias and George ever released her mortgage, and we think the matter in the fourth paragraph, intended as an estoppel, can not be regarded as binding upon her.

2. There is no showing as to any conveyance or offer to

convey by the mother her interest in the land, which is provided for in the decree or judgment.

3. It appears from the decree that there were six children besides Elias and George, and only four of them and the children and surviving husband of the fifth are plaintiffs in the action, or alleged to have made and tendered deeds to Elias and George according to the decree.

The judgment is affirmed, with costs.