Filed Jan. 9, 1889.

---

No. 13,332.

GLAZE v. THE CITIZENS NATIONAL BANK OF CRAW-FORDSVILLE.

FORMER ADJUDICATION.— *Title to Money.*—*Bank.*—*Demand.*— Where a plaintiff brings an action asserting title to money deposited in bank and drawn by the defendant, and the latter, by an affirmative answer, asserts title in himself, and on that answer has judgment, there is an adjudication of the question of title which may be pleaded by the bank in bar of an action by the plaintiff against it, notwithstanding a demand had been made by the plaintiff upon the bank prior to the adjudication.

From the Montgomery Circuit Court.

*M. E. Clodfelter, T. E. Ballard, E. E. Ballard* and *G. D. Hurley,* for appellant.

*G. W. Paul, J. E. Humphries* and *W. M. Reeves,* for appellee.

ELLIOTT, J.—Joseph Glaze and Susanna Glaze were husband and wife prior to August 30th, 1878, and that relation continued until January 9th, 1885. On the day first mentioned, they bought of Robert Butler seventy acres of land,

and the deed executed to them by their grantor conveyed the land to them as tenants by entireties. They sold the land to Asa M. Pickens, and he, in part payment of the purchase-money, gave Susanna a check for $1,580, and endorsed to Joseph two checks amounting in the aggregate to $1,500. Within a few minutes after Joseph and Susanna received the checks, the latter took from the former, against his wish, the two that had been delivered to him. These she took to the appellee and deposited them, together with that executed to her, to her own credit. On the 15th day of January, 1884, and while the money was still in the bank to the credit of Susanna, the appellee notified the officers of the bank that $1,500 of the amount belonged to him. On the 22d day of the same month, the appellee paid to Susanna the full amount deposited by her. After she received the money she brought suit for divorce against Joseph and a decree was entered divorcing her from him. On the 12th day of March, 1885, he brought suit against his divorced wife to recover the money obtained by her, alleging in his complaint that she had forcibly taken the checks from him.

She answered, asserting title to the money and averring that she had obtained a decree of divorce. Upon this answer she defeated the appellant. On these facts, which are embodied in a special finding, the court stated conclusions of law and gave judgment in favor of the appellee.

The trial court did not err in holding that the appellant was not entitled to recover the money deposited by Susanna Glaze. The appellant was bound to show that he had title to the money when he instituted this action. A plaintiff can not recover upon the weakness of his adversary's title, but must recover upon the strength of his own. If, therefore, the appellant had no title to the money he claims at the time he commenced this action, it must fail. That he had no title was settled by the decree in the suit brought by Susanna Glaze. At that time she had the money and was asserting title to it, and the decree in the divorce suit pre-

cludes the appellant from laying claim to money or property held by the wife under a claim of title. *Nicholson* v. *Nicholson*, 113 Ind. 131; *Evans* v. *Evans*, 105 Ind. 204; *Behrley* v. *Behrley*, 93 Ind. 255; *Rose* v. *Rose*, 93 Ind. 179, and cases cited. The money had, indeed, long before become the money of the bank, and Susanna was its creditor. *McLain* v. *Wallace*, 103 Ind. 562; *Harrison* v. *Wright*, 100 Ind. 515.

Whether the case be regarded as one in contract or in tort is immaterial, for, as the decree in the divorce suit finally and conclusively adjudicated all property questions, it confirmed in Mrs. Glaze a right to the property she then claimed.

The question, however, does not turn on the decree in the divorce suit alone, for the judgment in the action subsequently brought by the appellant adjudged that Mrs. Glaze was entitled to the money. This was an adjudication upon the title, and on that question is conclusive. If the judgment had not been exclusively upon that question, then it is probably true that it would not have been available to the appellee, but it was on that question and it is available to the appellee, since it establishes title in a third person. We think it clear that where, as here, a plaintiff brings an action asserting title, and the defendant by an affimative answer asserts title in himself, and on that answer has judgment, that judgment establishes title in him.

It is argued that the demand fixed the liability of the bank, and that this entitles the appellant to a recovery. In support of this position, counsel cite *Merrill* v. *Bank of Norfolk*, 19 Pick. 32, but it is not in point, for it does not touch the question which is here of governing force. The question here is, did the appellant have title when he brought this action? If he did not, then his demand was fruitless. A demand by a party who has no title can not create a cause of action. But before the demand was made, the bank stood as the debtor of Mrs. Glaze, and at the time this action was brought property rights had been settled by a final judgment.

We do not deem it necessary to follow counsel in their ar-

gument, for the only relevant and material question that the record presents is involved in the general inquiry, whether the court justly applied the law to the facts, and, that question decided, all the incidental questions in the case are disposed of, and we decide that question by holding that when this action was commenced the appellant had no title to the property in dispute.

Judgment affirmed.

Filed Nov. 9, 1888; petition for a rehearing overruled Jan. 9, 1889.