No. 15,352.

THE HOOSIER STONE COMPANY v. THE LOUISVILLE, NEW ALBANY AND CHICAGO RAILWAY COMPANY.

COMMON CARRIERS.—*Contract to Furnish Suitable Cars.*—*Liability for Breach of.*—*Sufficiency of Complaint.*—*Measure of Damages.*—*Demurrer.*—In an action by a quarry company against a railway company for damages for breach of contract to furnish the quarry company with strong and amply sufficient and properly inspected cars for the transportation of the product of the quarry, the complaint alleged that the railway company had in its service a car inspector, whose duty it was to inspect the cars that were to be furnished the appellant; that a defective car was delivered to the plaintiff by the railway company; that its defective condition might have been discovered by the railway company on proper inspection, but that it carelessly and negligently failed to inspect the car, and knowingly delivered it to the plaintiff without inspection; that the plaintiff, relying upon the fact that the railway company had performed its duty to inspect, received from it said car, believing it to be safe and secure, the defect being hidden and unknown to the plaintiff; that the car, by reason of its defective condition and

without any default on the part of the plaintiff, broke loose and ran down a grade, killing one of the plaintiff's employees.

*Held*, that the complaint stated a good cause of action against the railway company for breach of duty.

*Held*, also, that as it can not be said that merely nominal damages are recoverable, the judgment sustaining the demurrer to the complaint must be reversed.

SAME.—*Estoppel.—Contributory Negligence.*—In such an action the defendant can not successfully demur to the complaint on the ground that it does not show that the employee who was killed was free from contributory negligence, when the complaint avers that the railway company, through its general counsel and solicitor, represented the administrator of the deceased employee in an action brought by him against the quarry company for damages resulting from the death of his intestate, and that the railway company, after receiving notice from the quarry company of the pendency of the action, and that it would hold the railway company liable for all damages recovered, refused to defend said action, and the quarry company defended it at its own expense, and judgment was rendered against it. The conduct of the railway company in said behalf worked an estoppel, as a recovery could not have been had by the administrator if his intestate had been guilty of contributory negligence.

SAME.—*Judgment in Former Action.— When Inoperative as an Estoppel.*—The judgment recovered by the administrator against the quarry company did not preclude the latter from maintaining an action against the railway company for a breach of its duty as a carrier. The former action was for an injury resulting from a breach of duty owing by the quarry company to an employee, while the present action is brought for the breach of duty owing by a carrier to one for whom it had undertaken to carry goods or property. Further than this the railway company was not a party to the action in which the judgment was rendered, nor in privity with any of the parties in such a sense as to make the judgment available as an estoppel to the injury of the plaintiff.

PLEADING.—*Complaint.—Averment as to Special Damages.*—If a plaintiff states facts constituting a cause of action, an error in laying special damages does not invalidate the complaint when legal damages are recoverable.

From the Lawrence Circuit Court.

*M. F. Dunn* and *G. G. Dunn*, for appellant.

*E. C. Field* and *W. S. Kinnan*, for appellee.

ELLIOTT, C. J.—The material facts stated in the complaint of the appellant are these: The appellee is a railway com-

pany and the appellant is the owner of a stone quarry, and the former furnished to the latter a car for the transportation of heavy blocks of stone, knowing at the time of furnishing the car that the service of the latter required good and sufficient cars, and knowing, also, the grade of the track used by the latter, and that the nature of its business was such as to require sufficient brakes, brake cogs, ratchets and attachment. The railway company was under contract to furnish the appellant for the transportation of the products of its quarry such cars as were strong and amply sufficient for the purpose, and such as had been properly inspected. The railway company had in its service a car inspector whose duty it was to inspect the cars that were to be furnished the appellant, and of this fact it had knowledge. The appellant, relying upon the fact that the railway company had performed its duty to inspect, received from it a platform car. The car so received by the appellant was broken and insufficient, and the brake thereon insufficient and defective. All this might have been discovered on proper inspection by the railway company, but it carelessly and negligently failed to inspect the car, and knowingly delivered the same at the appellant's quarry without inspection. The appellant believed the car to be safe and secure, the defect being hidden and unknown to it. The car, by reason of the defective and insufficient brake and brake attachment, and without any fault on the part of the appellant, broke loose, ran down a grade and against James McCain, one of appellant's employees, thereby causing his death. The appellee, through its general counsel and solicitor, for the purpose of avoiding its liability, represented the administrator of James McCain in an action brought by him against the appellant for damages resulting from the death of his intestate. In that action the administrator charged the appellant with being responsible for negligently killing the deceased. The appellant gave the appellee notice of the action, and that it would hold the ap-

pellee liable for all damages that might be recovered against. it. The appellee refused to defend, and judgment was recovered against the appellant, although it defended the action and incurred expense in making a defence. It is averred of the accident to appellant's employee, that "All this was without any fault on this plaintiff's part, and wholly by reason of the wrongful and negligent acts and carelessness, in the manner hereinbefore set out, of the defendant."

It is argued by appellee's counsel that the ruling of the trial court adjudging the complaint bad is right, for the reason that the complaint does not show that James McCain was not guilty of contributory negligence. In our opinion the position assumed can not be maintained. The appellee having, as the complaint charges and the demurrer admits, represented the administrator in the action against the appellant, it is not in a situation to insist that the judgment recovered through its instrumentality is not valid because of the fault of the intestate of the plaintiff in the action in which the judgment was rendered. By representing the cause of the plaintiff in that action, and procuring for him a judgment, it affirmed that he had a right to recover, and this he could not have if his intestate had been guilty of contributory negligence, so that it effectively and necessarily asserted that there was no such negligence on his part. Having impliedly asserted that there was no contributory negligence, and having conducted the action to avoid liability on its own part, and having secured a judgment for the administrator upon that assertion, it can not now be heard to say that the appellant can not recover because it does not aver that McCain was free from contributory fault. It is to be borne in mind that the allegations of the complaint that McCain's death was caused " without any fault of the appellant, and wholly by reason of the negligence " of the appellee, are confessed by the demurrer and these allegations, taken in connection with the averments concerning the judgment against the appellant and the part taken by the appellee in prosecuting the action in

which that judgment was rendered, are sufficient without any-. thing more to preclude the appellee from successfully asserting that the complaint is bad, for the reason that it does not specifically allege that McCain was free from contributory fault. The conduct of the appellee worked an estoppel, for it can not occupy contradictory positions. We do not put our conclusion upon the judgment, but upon the conduct of the appellee, who was the original wrong-doer. What we have said disposes of the argument of appellee's counsel in support of the ruling below, for the entire argument is based upon the single proposition that the ruling is right, because the complaint does not allege that McCain was not guilty of contributory negligrnce. There are, however, other reasons why the position of the appellee can not be sustained. As we shall presently show, the right of recovery against the appellee is not for the breach of duty upon which McCain's administrator recovered, but for a breach of a different duty. The duty which the complaint charges the appellee with violating was owing directly to the appellant. ·

It was undoubtedly the duty of the appellee to use due care and skill in inspecting the car furnished the appellant. A carrier is under a duty to exercise care, skill and diligence to provide those for whom it undertakes to transport property with safe cars and appliances. The complaint shows a clear and inexcusable breach of this duty. If substantial damages can be said to be the proximate result of this breach of duty there is a right of recovery. If the negligent breach of duty by the carrier had caused direct injury to the appellant, the case would be free from difficulty. If, for instance, the car had broken away and run against a building of the appellants thus destroying it, no one would doubt that the appellee would be liable for all damages resulting from the breach of duty. . The only doubt that can possibly arise in the case upon the admitted facts is as to whether substantial damages can be recovered.

That there was a clear breach of duty on the part of the

appellee in negligently failing to do what its duty as a carrier required it to do is beyond controversy, and it is quite as certain that the duty which it violated was one owing to the appellant for whom it undertook to perform the duty of a common carrier. It knew, according to the confessed allegations of the complaint, the nature of the duty required of it by the character of the appellant's business, and in failing to furnish safe and fit cars for use in that business it violated a direct duty it owed to the appellant.

As the duty violated was one owing directly to the appellant, there was an actionable wrong, and the right of action was in the party to whom the duty was owing.

It may be true that, because of the remoteness of the injury, the representative of the estate of the employee of the appellant who was killed, could not have maintained an action against the appellee. It may be that the authorities require that conclusion. In the case of *State, ex rel.*, v. *Harris*, 89 Ind. 363, the question was considered, and many of the decided cases reviewed. *Dale* v. *Grant*, 5 Vroom (N. J.), 142; *Losee* v. *Clute*, 51 N. Y. 494; *Winterbottom* v. *Wright*, 10 M. & W. 109; *Curtin* v. *Somerset*, 30 Am. Law Reg. 503, and authorities cited in note. It is doubtful whether the appellant can successfully assert that it has a right to be reimbursed for the damages recovered by the administrator of the estate, but, granting that it has no such right, the question of whether there may be a recovery for the injury resulting to the appellant from the breach of duty directly owing to it is unaffected. The appellant may have a right of action for a negligent breach by the appellee, although it may not be entitled to all the damages claimed. It has long been established law that if a complaint states facts showing the plaintiff entitled to some relief, it will prevail against a demurrer, although it may ask more relief than the plaintiff is entitled to receive. *Bayless* v. *Glenn*, 72 Ind. 5; *McLead* v. *Applegate*, 127 Ind. 349 (351); *Shattuck* v. *Cox*, 128 Ind. 293 (294). If the complaint before us states facts entitling the appellant

to substantial damages, it is good against a demurrer even if it be conceded that it claims damages that the appellant has no right to recover.

As the complaint fully shows the breach of duty directly owing to the appellant, and shows that the appellant was itself without fault, there is a *prima facie* right to a recovery, unless the judgment obtained by the administrator concludes the appellant from maintaining an action against the appellee for a breach of its duty as a carrier. If this judgment concludes the appellant, the complaint is bad.

We may say, at the outset, that it certainly is not entirely clear that the appellee, being the original wrong-doer and having prosecuted the action on which the judgment was rendered in order to avoid liability on its own part, is in a situation to make that judgment a shield for its protection. This point we suggest, but do not decide.

The judgment in the action brought by the representative of the estate of the deceased employee does not conclude the appellant. There was no issue in that case involving the breach of duty owing directly to the appellant by the carrier. The issue in that case was joined between the representative of a person to whom the appellant owed a duty to furnish a safe working place and appliances, and the judgment could by no possibility conclusively determine the rights of the appellant as against the appellee for its negligent breach of duty as a common carrier. The duty which the appellee owed to its employee was not the duty which the appellant owed to it, and which is the basis of the complaint in this action. The duties are essentially different and distinct, and a judgment in an action for the breach of one of these duties can not conclusively determine the right to maintain an action for the breach of the other. As the former action was for an injury resulting from a breach of duty owing by the appellant to an employee, this action is not barred by the judgment in that action, inasmuch as the present action is brought for the breach of duty owing by a car-

rier to one for whom it had undertaken to carry goods or property. A judgment is conclusive upon the parties to the action as to all questions that were litigated or might have been litigated, but it is not conclusive upon any other questions.

The judgment in the action brought by the representative of the estate, McCain, does not preclude the appellant from showing that the appellee violated its duty for the further reason that it was not a party to the action in which the judgment was rendered, nor in privity with any of the parties in such a sense as to make the judgment available as an estoppel to the injury of the appellant. Judgments ordinarily bind only parties and privies, and the effect of the judgment must be reciprocal or there is no estoppel. *Dayton* v. *Fisher*, 34 Ind. 356. It is evident that this familiar principle precludes the appellee from employing the judgment for its own benefit, and that the appellant is not concluded by it as against the appellee.

Whatever view of the question may be taken, the conclusion must necessarily be that the appellant is not estopped by the judgment in favor of the administrator of McCain's estate. As the judgment is no barrier to a recovery by the appellant, its right of recovery depends upon the facts stated, showing a duty and its breach.

We give no judgment upon the effect of the notice to defend given by the appellant to the appellee, for the reason that counsel do not argue that question. Independently of the averments of the complaint concerning the notice, there are facts showing an actionable wrong, and that the right of action for that wrong is in the appellant. It may be that there is much surplusage in the complaint, but as surplusage does not vitiate it does no harm even if it does no good.

It may be granted that the statements of special damages are ill, and yet it would by no means follow that the complaint is bad. The amount of recovery is not important in considering a demurrer to a complaint, for the question of

the measure of damages is not presented by demurrer. If a plaintiff states facts constituting a cause of action, an error in laying special damages does not invalidate the complaint in a case where legal damages are recoverable. It is true that where the court can see from the complaint that merely nominal damages are recoverable in any event, it will not reverse the judgment even if the complaint is bad ; but we can not say upon the facts here stated that only nominal damages can be recovered. It may well be that the appellant, under the general claim for damages and upon due evidence of the facts stated, may recover damages of a very substantial character, even though it be conceded that the measure of damages is not the sum paid McCain's administrator or the sum expended in defending the former action.

It is no doubt true that a complaint must proceed upon a definite theory, and on that theory state facts sufficient to constitute a cause of action, but this familiar rule does not go so far as to require the court to hold that a complaint which proceeds upon a definite theory and states the proper facts is bad because special damages are claimed that the law will not award. An improper statement of damages will not make a complaint bad if the facts essential to a cause of action are stated.

We give no opinion upon the question as to the measure of damages. We go no further upon this question than to adjudge that the facts stated in the appellant's complaint show a right of action entitling it to some damages for the wrong done by the appellee in violating its duty as a common carrier. We do not decide whether the appellant can or can not recover for the sum paid to the administrator of McCain or for the expenses incurred in defending the action brought by him. We do decide that a right of action is shown, and that we will not apply the doctrine asserted in the cases which hold that where it appears that in no event can more than nominal damages be recovered the court will not reverse a judgment. We are unwilling to hold that un-

The Dayton Gravel Road Co. *v.* Board of Comm'rs of Tippecanoe Co. *et al.*

der the complaint only nominal damages are recoverable.. The question as to the measure of damages is an important and difficult one, and as it is not touched upon in the argument of counsel, we leave it entirely open and undecided.

Our ultimate conclusion is that, whatever may be the true rule as to the measure of damages, the complaint is sufficient to require an answer, inasmuch as the facts stated show a *prima facie* right of recovery.

Judgment reversed.

Filed May 18, 1892.