TOBIN ET AL. *v.* MCCLELLAN

[No. 28,280. Filed June 16, 1947. Rehearing Denied September 25, 1947. Transfer Denied October 28, 1947.]

338

*Sol H. Esarey, Andrew Jacobs* and *Michael L. Fansler,* all of Indianapolis, and *J. Gordon Meeker,* of Portland, for appellants.

*Leonidas A. Guthrie* and *Jacob Lennington,* both of Muncie, William A. McClellan, of Greenfield, and *Roscoe D. Wheat,* of Portland, for appellee.

STARR, J.—The appellee brought this action in ejectment against the appellant Rose Tobin and one other who is not a party to this appeal. During the pendency of this action the appellee filed a second paragraph of complaint to quiet title to the real estate described in said first paragraph. Without objection appellee made certain new parties defendant to this second paragraph of complaint among whom was one William G. Beatty. Later this second paragraph of complaint was dismissed and said cause was dismissed as to all defendants except Rose Tobin. A trial was had resulting in special findings and judgment for the appellee from which this appeal was taken.

William G. Beatty appears with Rose Tobin in the assignment of error as an appellant. Appellee has moved to dismiss this appeal as to William G. Beatty for the reason that he was not a co-

defendant of record at the time that the final judgment below was rendered, nor is there anything to show that he was defending the actions in appellant's name; this motion is sustained. The said William G. Beatty is not a party to this judgment or in anyway bound by the same. This appeal is therefore dismissed as to William G. Beatty.

The only error properly assigned is the overruling of appellant's motion for a new trial which questions the sufficiency of the evidence and asserts that the decision is contrary to law. As only the sufficiency of the evidence is questioned these grounds will be considered together.

The appellee's evidence is to the effect that on January 28, 1938, the appellant entered into a written contract with the Merchants National Bank of Muncie, then owner of the real estate in question, for the sale on a monthly basis of a two story basement building in the City of Muncie, Indiana; that on October 19, 1938, the appellant, Rose Tobin, for a valuable consideration, assigned in writing all her right, title, and interest in said contract to the appellee; that on November 12, 1938, the bank, upon receiving from the appellee the full balance owing on the contract, deeded the real estate to him. Appellee also introduced evidence to the effect that shortly after the execution of said assignment to him of the contract of purchase and before he received a deed therefor, and while appellant was in possession, it was discovered that the appellant had paid certain premiums for insurance on the premises which had not been taken into account at the time that he received the assignment from the appellee, and that it was agreed by the parties hereto that the appellant, for having paid said insurance premiums, should retain possession of the premises for a period of two months;

that the appellant did so retain possession of the premises and at the expiration of said period refused and still refuses to give possession of the premises to this appellee.

Appellant's evidence discloses that on November 12, 1938, being the date of said deed to the appellee, appellee filed an action in ejectment for the possession of the premises against William G. Beatty and others to which action the appellant was not a party; that said action terminated in a judgment in favor of the said Beatty, which judgment was appealed by the said McClellan and was affirmed in a written opinion by the Appellate Court of Indiana, which opinion was filed on April 7, 1944, and is entitled *McClellan* v. *Beatty* (1944), 115 Ind. App. 173, 53 N. E. (2d) 1013, 55 N. E. (2d) 327. This opinion which was received in evidence discloses what the issues were and upon what evidence they were decided and also that the evidence in that case was the same as above set out, as to the execution of said contract of sale, the assignment thereof, and the deed for said property to McClellan. The opinion discloses that on January 15, 1935, the bank, then owner, executed to Rose Tobin a certain contract for the sale of the premises. Later the bank having furnished funds for alterations and to cover this item the first contract was superseded by another between the same parties which was in turn superseded by the contract of January 20, 1938; that these contracts conferred on the purchaser the right to possession of the premises; that although each contract was made in the name of Rose Tobin as purchaser the property purchased was for the use and benefit of the said Beatty and that appellant, Tobin, held each contract as trustee for Beatty; and that the purchase was made in her name for the sole purpose of securing her against loss

for the advancement of part of the purchase price of the property for Beatty's benefit; that she had no actual interest in the building except as security for her advancement and that prior to said assignment of the contract Beatty had advanced about $3,500 for repairs, taxes, upkeep, and insurance and Rose Tobin had made the down payment of $1,500 and had invested about $1,000 additional in the project, and that since the execution of the contract of July 15, 1935, Rose Tobin leased an apartment on the second floor of the building from Beatty; that at the time the appellant took the deed for said premises he had actual knowledge of the occupancy of the basement of the building by Beatty and before the assignment was executed Rose Tobin had told him that Beatty had improved the property and should be considered in the transaction and that McClellan had told her to "forget it"; that Beatty neither knew of nor acquiesced in the transaction between Rose Tobin and the appellant or in the execution of the deed by the bank.

It is further stated in said opinion that McClellan's knowledge of the actual occupancy by Beatty of the basement portion of the building, coupled with the information given him by Rose Tobin, was sufficient to put him upon inquiry as to Beatty's rights, and he is "chargeable with the knowledge that a reasonable inquiry would have imparted, . . . including the fact that Beatty was entitled to the possession of the building." The opinion holds, "It was incumbent upon the appellant to prove his right to the immediate possession of the real estate, and he having failed to do so the judgment of the court below must be affirmed."

In the case before us the appellant also introduced in evidence a certified copy of a certain plea in abatement because of a prior suit pending. This plea was filed by

McClellan on May 2, 1939, in the Marion Circuit Court in a suit there pending wherein Rose Tobin was the plaintiff and the appellee, with others, was a defendant. In this plea in abatement, which was verified by the appellee, he stated and alleged that the appellant herein on the 19th day of October, 1938, had executed an assignment to him of the said contract for the purchase of the involved real estate between the bank and Rose Tobin dated January 28, 1938. The plea alleged that McClellan had fully performed all of the terms of the contract which was assigned to him; that the Merchants National Bank of Muncie, Indiana, the vendor under the aforesaid contract of sale, made and executed to the said McClellan its warranty deed for the above described real estate; that after the execution of the deed as aforesaid, the said McClellan started suit against Beatty and another and this suit is still pending (which is the same suit we have heretofore set out as having been filed on November 12, 1938, and as hereinabove fully described in this opinion); that Beatty has had continuous possession of the aforementioned real estate. The plea in abatement further states that the issue in said cause of *McClellan* v. *Beatty* was the ownership of said real estate and that Beatty claimed to be the owner of same and that Rose Tobin was claiming an equitable interest in the real estate and was claiming to be entitled to the rents and profits therefrom by virtue of the aforesaid written contract of purchase between herself and the bank; and that Beatty was claiming the title and possession and the rents and profits of the real estate by virtue of an oral arrangement with Rose Tobin, and that McClellan was claiming the title, possession, rents, and profits of the real estate by virtue of the assignment and said deed from the bank to him. It was further alleged, that all of the questions and

rights of McClellan, Beatty and Rose Tobin in and to the title, the possession of, and the rents and profits of the real estate were in issue in the said suit being prosecuted by McClellan against Beatty; that any judgment rendered in the action between Beatty and McClellan will fully determine and adjudicate the title to, the possession of, and the rents and profits of said real estate between McClellan, Beatty, and Tobin; and that the judgment will be binding on all of the parties and will fully adjudicate all questions, involved in the action sought to be abated; and that due to these facts along with other separate grounds for abatement alleged therein, McClellan prayed that the action abate.

The record is silent as to the outcome of the plea in abatement, also as to the outcome of the suit wherein the same was filed.

The appellant contends that the foregoing judgment in favor of William G. Beatty and against the appellee in the suit for ejectment filed November 12, 1938, is a bar to the present action as all matters involved herein were fully adjudicated in said action; and secondly, even though said judgment is not a bar to the present action that the plea in abatement filed by the appellee as hereinabove set out, worked a judicial estoppel and prevented the appellee from asserting or claiming that the judgment in favor of Beatty was not binding upon the parties hereto.

It will be seen from the foregoing statement of facts that the common source of title to this real estate is the Merchants National Bank of Muncie and that the appellee is claiming through an assignment of the contract of January 20, 1938, executed to him by the appellant; also, that it has been heretofore decided in appellee's suit against Beatty that he was not entitled to possession of said premises through this chain of

title. It will also be noted that the appellee brought out no subsequent transactions to strengthen or fortify his claim to possession of the premises other than was brought out in his suit against Beatty. Was said prior adjudication, in the case of McClellan v. Beatty, an estoppel as against the said appellee in the suit now under consideration?

The general rule is that the plea of former adjudication is available only when there is privity and mutuality of estoppel. See cases cited in 2 Black, Judgments, (2d ed.), §§ 534, 548, 549; 1 Freeman, Judgments, (5th ed.), §§ 407, 428; 35 Yale L. J. 607, 608; 34 C. J. 973, 988; *The Hoosier Stone Co.* v. *The Louisville, New Albany and Chicago R'y Co.* (1891), 131 Ind. 575, 31 N. E. 365; *Maple et al.* v. *Beach* (1873), 43 Ind. 51; *Dayton* v. *Fisher, Administrator* (1870), 34 Ind. 356; *Hitt* v. *Carr* (1915), 62 Ind. App. 80, 109 N. E. 456. Under the requirement of privity, only parties to the former judgment or their privies may take advantage of or be bound by it. A party in this connection is one who is "directly interested in the subject matter, and had a right to make defense, or to control the proceeding, and to appeal from the judgment." 1 Greenleaf, Evidence, (15th ed.), § 523. See cases cited in 2 Black, Judgment (2d ed.), § 534; 15 R. C. L. 1009; 9 Va. L. Reg. (N. S.) 241, 242; 15 Cal. Jur. 190; 34 C. J. 992; *Isbell* v. *Stewart, Administrator* (1890), 125 Ind. 112, 25 N. E. 160; *Walling* v. *Burgess* (1889), 122 Ind. 299, 22 N. E. 415. A privy is one who, *after the commencement of the action,* has acquired an interest in the subject matter affected by the judgment through or under one of the parties, as by inheritance, succession, or purchase. See cases cited in 2 Black, Judgment, (2d ed.), § 549; 35 Yale L. J. 607,

608; 34 C. J. 973, 1010, 1012; 1 Freeman, Judgments, (5th ed.), § 440. The estoppel is mutual if the one taking advantage of the earlier adjudication would have been bound by it, had it gone against him. See cases cited in 2 Black, Judgments, (2d ed.), § 534, 548; 1 Freeman, Judgments, (5th ed.), § 428; 35 Yale L. J. 607, 608; 34 C. J. 988; 15 R. C. L. 956; *The Hoosier Stone Co.* v. *The Louisville, New Albany and Chicago R'y Co., supra; Maple* v. *Beach, supra; Dayton* v. *Fisher, Administrator, supra; Hitt* v. *Carr, supra.*

The greater portion of the foregoing paragraph is taken from the case of *Bernhard* v. *Bank of America* (1942), 19 Cal. (2d) 807, 122 P. (2d) 892, but due to the fact that we have changed the language and meaning in certain particulars and added citations we cannot show the same as a complete quotation.

There are some cases where the theory of mutuality has been discarded. These cases have adopted as a principal that a party may assert the plea of *res judicata* although he was not a party or in privity with a party to the earlier litigation. These cases recognize the principal that due process of law prohibits the assertion of *res judicata* against a party unless such party was bound by the earlier litigation in which the matter was decided but hold that there is no reason for requiring that the party asserting the plea of *res judicata* must have been a party or in privity with a party to the earlier litigation. See for example *Bernhard* v. *Bank of America, supra; Coca-Cola Co.* v. *Pepsi-Cola Co.* (1934), 6 W. W. Har. 124, 36 Del. 124, 172 A. 260. In the case of *Glaze* v. *The Citizens National Bank of Crawfordsville* (1888), 116 Ind. 492, 18 N. E. 450, this court seems to disregard the element of mutuality in an opinion written by Judge Elliott. As this court recognizes the doctrine of

mutuality as the law of this state in the case of *Hoosier Stone Co.* v. *Louisville, New Albany and Chicago R'y. Co., supra,* which is a later opinion written by the same judge, we are inclined to disregard *Glaze* v. *The Citizens National Bank, supra,* as authority on this point.

It cannot be contended that the appellant was a party to the action in ejectment which was brought by the appellee against the said Beatty. The record does not even disclose that Rose Tobin was a witness or was present at this trial of that action. The evidence herein discloses that what, if any, interest the appellee had in the involved premises was obtained by her long prior to the beginning of appellee's suit against Beatty. This being true Rose Tobin was not bound by said judgment as she was neither a party or a privy thereto, and not being herself bound by the said judgment under the doctrine of mutuality, she cannot avail herself of the same in the action before us.

An exception to the rule of mutuality has been made where the liability of the defendant is reasonably dependent upon the culpability of one who has been exonerated in a prior suit upon the same facts upon suit by the same plaintiff. *Portland Gold Mining Co.* v. *Stratton's Independence* (1907), 158 F. 63, 85 C. C. A. 393; *City of Anderson* v. *Fleming* (1903), 160 Ind. 597, 67 N. E. 443, or in other words where the plea is dependent upon or derived from the liability of one who was exonerated in an earlier suit brought by the same plaintiff upon the same facts. Examples of derivative liability are master and servant, principal and agent, and indemnitor and indemnitee. The present case does not fall under this exception.

As to appellant's second contention it is the general rule that ". . . allegations or admissions in pleadings

in a former action or proceeding will ordinarily estop the party making them from denying their truth in a subsequent action or proceeding in which he is a party to the prejudice of his opponent where the usual elements of estoppel by conduct are present." 21 C. J. *Estoppel* § 238, p. 1233. See *Ogden v. Rawley* (1860), 15 Ind. 56. Also there "must have been a determination of the prior action or at least the allegations or admissions must have been acted upon by the court in which the pleadings were filed or by the parties claiming the estoppel." 21 C. J. *Estoppel* § 239, p. 1233.

Assuming that the matter set out in said plea in abatement is a statement of fact there is no showing that said plea in abatement was sustained by the court or that the representations therein were acted upon by the appellee to her disadvantage or does it appear that the appellant was ignorant of the facts or that appellee had any more knowledge of the matters set out in said plea in abatement than had the appellant. 31 C. J. S. *Estoppel* § 121. p. 386.

For the reasons herein set out the judgment of the lower court is affirmed.

Emmert, J. not participating.

NOTE.—Reported in 73 N. E. (2d) 679.

ON PETITION FOR REHEARING

STARR, J.—We were in error when we stated in the original opinion that the record did not disclose that Rose Tobin was a witness or present at the trial of the case of McClellan v. Beatty. We were led into this error due to the indefinite statement of the evidence in appellant's brief. We have examined the record and do find that the appellant was present and did testify

in the said cause of McClellan v. Tobin. We do not regard this misstatement as material.

The record discloses that in the case of McClellan v. Beatty the appellant herein petitioned to be made a party to that action which petition was denied and from which no appeal was ever taken. Under these circumstances Rose Tobin could not possibly be considered as bound by the judgment rendered in that cause.

The appellant insists that it appears from the record that the damages that were awarded were excessive and that we failed to pass upon this question in our original opinion. We did not decide this question for the reason that the same was not briefed by the appellant. Appellant's brief under propositions, points and authorities contained no proposition concisely stating the basis or reason why said damages were excessive nor in appellant's argument is there anything mentioned as to the excessiveness of the damages awarded. We have, however, since the petition for rehearing was filed, and due to appellant's insistance, examined the record as to this question. From this examination we have concluded that there was sufficient evidence to warrant the trial court in making this award. Appellee produced evidence as to the rental value of the involved premises, that appellant was in possession at the time appellee acquired the property, and that she has never surrendered possession to him. It also appears that after the suit was started appellant withheld possession by giving a bond for retention of the possession pending the cause as provided by § 3-1306, Burns 1946 Replacement.

Appellant, in her petition for rehearing, contends that our original opinion shows that the judgment rendered in the case of McClellan v. Beatty, which case

is fully discussed in our opinion, was a judgment *in rem* and therefore was binding on strangers as well as parties and privies thereto. She also advances the motion that the opinion shows that the judgment comes under a well recognized exception to the rule that judgments are binding only on parties and privies in that said judgment constitutes a link in the chain of title, of the appellee to the property in question.

It is our opinion that said judgment was not a judgment *in rem*. "Actions in rem strictly considered, are proceedings against property only, treated as responsible for the claims asserted by the libelants or plaintiffs . . . . The court acquires jurisdiction over the property in such cases by its seizure, and of the subsequent proceedings by public citation to the world, of which the owner is at liberty to avail himself by appearing as a claimant in the case." *Freeman* v. *Alderson,* 119 U. S. 185, 7 Sup. Ct. 165, 30 L. Ed. 372.

There are various classes of actions which are not strictly *in rem* which are generally designated as proceedings *quasi in rem*. Such an action is brought against persons and only seeks to subject certain property of those persons to the discharge of the claims asserted and any judgment therein is only conclusive between the parties and their privies. *Freeman* v. *Alderson, supra,* 2 Black on Judgments, (2d ed.), § 793.

It is true that a judgment or decree "when it constitutes a link in a chain of title, is competent and admissible evidence, in that character and for that purpose, not only against the parties to the record but against all the world . . . . But this exception to the general rule must be carefully confined to its legitimate boundaries. Not every judgment affect-

ing the title to land is admissible evidence in a suit between strangers. To have that quality the adjudication must constitute an actual and necessary part of the chain of title alleged by the party who offers it." 2 Black on Judgments, (2d ed.), § 607.

The judgment in favor of Beatty and against the appellee is not a link in appellee's chain of title and does not constitute a part in the muniments of his estate, nor does it give construction to a link in appellee's chain of title.

Petition for rehearing denied.

NOTE.—Reported in 75 N. E. (2d) 149.