LOUIS J. LUKACS *v.* WILLIAM J. KLUESSNER.

[No. 3-572A6. Filed December 13, 1972.]

---

4. *Fleetwood* v. *Denny* (1969), 145 Ind. App. 404, 407, 251 N. E. 2d 454, 456, 18 Ind. Dec. 690, 693.

*Peter J. Nemeth, Nemeth & Nemeth,* South Bend, *Thomas C. Sopko, Edward N. Kalamaros & Associates,* South Bend, for appellant.

*Robert J. Konopa, Crumpacker, May, Levy & Searer,* South Bend, for appellee.

HOFFMAN, C.J.—The sole issue presented by this appeal is whether the trial court erred in denying the motion of plaintiff for summary judgment.

Plaintiff-appellant, Louis J. Lukacs, filed his amended complaint for personal injuries against defendant-appellee, William J. Kluessner, which, in summary, alleged that plaintiff was injured as a result of the negligence of the defendant in the operation of defendant's automobile. Defendant-Kluessner filed his answer to the amended complaint denying, *inter alia,* the allegations of negligence contained therein. Plaintiff-Lukacs then filed a motion for summary judgment as to the issue of the negligence of the defendant. In support of, and attached to, such motion for summary judgment is the affidavit of the attorney for the plaintiff which, in pertinent part, reads as follows:

"3. On October 28, 1969, plaintiff's father obtained a verdict against the defendant in the St. Joseph Circuit Court, Cause No. D-801, upon the same facts concerning negligence which are at issue in this cause; that said action was for property damage, medical expenses and loss of services which plaintiff's father suffered as a result of defendant's negligence; that the allegations of negligence in said action arose out of the same set of facts as in this action, that the said acts of negligence involved the same parties in said action as in this action; and the allegations of negligence are the same in this action as in plaintiff's father's action.

"4. Indiana law holds that when any fact, question or issue has been decided by a final judgment of a court of competent jurisdiction to determine such fact, question or issue, all parties are forever bound by such determination in a subsequent suit or suits between the same parties or their privies, in the same or any other court, whether the causes of the action or subject matter are the same or different. *Nichols* v. *Yater,* (1970), 258 N.E.2d 66; *Citizens Loan & Trust Co., Exr.* v. *Sanders* (1934), 99 Ind. App. 77, 187 N.E. 396.

"5. That said issue of negligence was decided by a final judgment of the St. Joseph Circuit Court on October 28, 1969, Cause No. D-801, which is a court of competent juris-

diction to determine said issue of negligence and this plaintiff is privy to the plaintiff in the prior action."

No further evidence was adduced in support of, or in opposition to, the motion for summary judgment, although both parties filed legal memoranda prior to the hearing on such motion. The motion for summary judgment was overruled by the trial court, and the overruling of such motion is the sole allegation of error preserved and argued by appellant-Lukacs in this appeal.

The law of *res judicata* in this jurisdiction was discussed in *Mayhew, Huston v. Deister, et al.* (1969), 144 Ind. App. 111, at 121, 244 N.E.2d 448, at 453, (transfer denied), as follows:

"The classical doctrine of res judicata precludes parties or their privies from relitigating a cause of action that has been finally determined by a court of competent jurisdiction. Any issue necessarily decided in such litigation is conclusively determined as to the parties or their privies if it is involved in a later lawsuit on a different cause of action."

It is appellant's contention that the instant case is not controlled by the doctrine of *res judicata* but by the doctrine of collateral estoppel. Appellant seeks to persuade this court to abandon the mutuality of estoppel requirement usually necessary for the application of *res judicata* and confine the requirement of privity only to the party against whom the plea of collateral estoppel is asserted.

The above argument was presented to our Supreme Court and disregarded by it in *Tobin v. McClellan* (1947), 225 Ind. 335, 73 N.E.2d 679 (rehearing denied). In *Tobin* an action in ejectment was brought by McClellan against Beatty. Judgment in that action was in favor of Beatty. Subsequently, McClellan brought an action in ejectment against Tobin who sought to set up the prior judgment against McClellan as a bar to the action against her. Our Supreme Court, in reviewing the judgment of the trial court, held that Tobin was not bound by the prior judgment under the doctrine of mutuality

and was not a party or privy thereto. She was, therefore, unable to avail herself of the judgment in the prior action.

The above case was relied upon in *Mayhew, Huston* v. *Deister, et al., supra,* which held, at 123 of 144 Ind. App., at 454 of 244 N.E.2d, as follows:

"We find no Indiana cases nor sound cases from other jurisdictions which have allowed a stranger to a prior suit to assert in an action on a different cause of action a plea of collateral estoppel against a party who was a plaintiff in the original action. The authority, in fact, is to the contrary." (Citing authorities.)

Were we able to base our opinion on the foregoing discussion we would hold that while *Tobin* v. *McClellan, supra,* and *Mayhew, Huston* v. *Deister, et al., supra,* are factually distinguishable from the case at bar, the requirements there discussed of mutuality of estoppel and privity of interest are here applicable. We are not persuaded by the contrary authorities from other jurisdictions cited by appellant. See: Annot., 31 A.L.R. 3d 1044.

In the remainder of this opinion we will consider a procedural irregularity which prevents this opinion from turning on the above discussion.

In Indiana, proceedings for summary judgments are controlled by TR. 56, Indiana Rules of Procedure. The following portion of TR. 56(E), *supra,* is particularly pertinent to the instant case:

"(E) Form of affidavits—Further testimony—Defense required. Supporting and opposing affidavits shall be made on personal knowledge, *shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith."* (Emphasis added.)

The authority is well settled that if a document is relied upon to support a motion for summary judgment, it must be

exhibited in full; affidavits as to its substance, effect or interpretation are not sufficient. *Sprague* v. *Vogt* (8th Cir. 1945), 150 F. 2d 795.

The above rule exhibits logic if applied to situations, as in the case at bar, where a prior adjudication of a factual issue is relied upon to determine an issue in a subsequent case. The testimony of the attorney of one of the parties as to the nature and effect of a prior judgment would not be admissible as evidence in a subsequent case because such determination is a question of law for the court. Unless documents eliciting the nature and effect of the prior judgment are before the court, or unless the court can take judicial knowledge of the records of the prior case, summary judgment is inappropriate. Where evidence has not been presented to allow the court to resolve the legal issue of the effect of the prior judgment, the factual issues raised by the pleadings in the subsequent case remain.

In the instant case, the basis of the motion for summary judgment was the prior decision of the St. Joseph Circuit Court. No transcript of the record of the prior case, or portions thereof, were submitted to the St. Joseph Superior Court in support of the motion. The only evidence before the trial court was the affidavit of the attorney for the plaintiff which contained statements which would be inadmissible as evidence. It was for the trial court to determine the effect of the prior judgment. This is not a case wherein the trial court had judicial knowledge of the record of the prior case. A question of fact remained as to the negligence of the defendant, therefore, summary judgment was not appropriate.

The overruling by the trial court of the motion for summary judgment is affirmed.

Judgment affirmed.

Sharp and Staton, JJ., concur.

NOTE.—Reported at 290 N.E.2d 125.