SWIMMING TURTLE, a/k/a Oliver Godfroy, Plaintiff,

v.

The BOARD OF COUNTY COMMISSIONERS OF MIAMI COUNTY, Earl Yoars, Individually and in his capacity as Commissioner of Miami County, Thomas Denton, Individually and in his capacity as Commissioner of Miami County, Harold Smith, Individually and in his capacity as Commissioner of Miami County, Jerry Beebe, Individually and in his capacity as Assessor for Miami County, Wilma Fishback, Individually and in her capacity as Auditor for Miami County, Harold Borden, Individually and in his capacity as Trustee for Butler Township, Robert Williams, Individually and in his capacity as Treasurer for Miami County, Defendants.

No. S 74–98.

United States District Court,
N. D. Indiana,
South Bend Division.

Aug. 25, 1977.

See also, D.C., 441 F.Supp. 368.

Thomas N. Tureen, Barry A. Margolin, Calais, Maine, Hugo E. Martz, Valparaiso, Ind., for plaintiff.

James A. Grund, Peru, Ind., Theodore L. Sendak, Atty. Gen., State of Indiana, Indianapolis, Ind., for defendants.

## MEMORANDUM AND ORDER

ALLEN SHARP, District Judge.

The plaintiff is the great grandson of Francis Godfroy and is the fee simple owner of a 79.03 acre tract of real estate located in Miami County, Indiana. Francis Godfroy was one of the last War Chiefs of the Miami Tribe of Indians. This tract has remained in the descendants of Francis Godfroy as to both title and possession from the time that the United States of America relinquished title to the same in 1849 under the Treaty at the Forks of the Wabash of 1838. The basic facts as to title and legal history are adequately recited in the extensive stipulation of facts filed in this case and incorporated by reference. This Court also takes note of the order and excellent comprehensive memorandum entered by Senior Judge Robert A. Grant in this case on May 15, 1975. That order by Judge Grant is a part of the law of this case and is adopted and reaffirmed here. His order and memorandum has done much, if not all of the spadework for final decision of this case.

On a consideration of the whole record this plaintiff is not in such privity with the parties to *Miami County v. Godfroy*, 27 Ind.App. 610, 60 N.E. 177 (1901), as to be bound by the decision there announced as regarding Article III of the Northwest Ordinance. Neither is this Court bound by the interpretation of Article III placed on it by the Appellate Court of Indiana in 1901 since there is an independent basis for this Court's jurisdiction under 28 U.S.C., Sections 1331, 1337, 1343, 1353, and 25 U.S.C. § 345. The Northwest Ordinance is a part of the basic organic law of *The United States of America* enacted by a *national* legislative body before the existence of The Constitution of the United

States. The Northwest Ordinance was re-enacted by the First Congress of the United States and is therefore a part of the federal statutory law which this Court has jurisdiction to interpret. See *1 Stat. 50, ch. 8* (1789). In re-enacting Article III of the Northwest Ordinance the First Congress clearly exercised its power under Article I, Section 8(3) of the Constitution of the United States.

The record establishes that the plaintiff is not a "privy" as described in *Tobin v. McClellan*, 225 Ind. 335, 73 N.E.2d 679 (1947). See also *Mayhew v. Deister*, 144 Ind.App. 111, 244 N.E.2d 448 (1969). In *Mayhew v. Deister*, the Appellate Court of Indiana stated at 244 N.E.2d 453:

"The classical doctrine of res judicata precludes parties or their privies from relitigating a cause of action that has been finally determined by a court of competent jurisdiction. Any issue necessarily decided in such litigation is conclusively determined as to the parties or their privies if it is involved in a later lawsuit on a different cause of action. Obviously this is not such a case since the defendants-appellants here were not parties to the Federal Court quiet title suit. Further, our Supreme Court has stated the general requirement that the plea of res judicata is available only when there is privity and mutuality of estoppel. Under this requirement only parties or their privies to the former judgment could take advantage of or be bound by the former judgment. In this sense a party is one who is directly interested in the subject matter and had a right to make defense or to control the proceedings and to appeal from the judgment. *Tobin v. McClellan*, 225 Ind. 335, 73 N.E.2d 679, 75 N.E.2d 149 (1947). By this definition the defendants-appellees here were not parties to the Federal Court quiet title suit. A privy is one who after rendition of the judgment has acquired an interest in the subject matter affected by the judgment. The defendants-appellees here are certainly not privy under this definition. Estoppel is mutual if the one taking ad-

vantage of the earlier adjudication would have been bound by it had it gone against him. *Tobin v. McClellan, supra.* However, many courts have abandoned the requirement of mutuality and confined the requirement of privity to the party against whom the plea of res judicata is asserted. See, *Coca Cola Co. v. Pepsi-Cola Co.*, 36 Del. [6 W.W. Harr. 124] 124, 172 A. 260; *Bernhard v. Bank of America National Trust and Savings Ass'n*, 19 Cal.2d 807, 122 P.2d 892 (1942); *B. R. DeWitt, Inc. v. Hall*, 19 N.Y.2d 141, 278 N.Y.S.2d 596, 597, 226 N.E.2d 195 (1967)."

 This Court finds that this plaintiff has made every reasonable effort consistent with the realities of modern society to maintain his status as an Indian. Therefore, he is an Indian as defined in Article III of the Northwest Ordinance. (For historical rather than strictly legal background of the Northwest Ordinance see Edmund Cody Burnett, *The Continental Congress* (New York 1941). In the same vein, see also Francis Paul Prucha, *American Indian Policy in the Formative Years* (Harvard University Press 1962)).

The word "Indians" in Article III of the Northwest Ordinance does not refer merely to Indian Tribes. The term "Indians" there must be given its plain meaning and construed liberally. The immunity conferred by Article III is not limited to Indian Tribes but may, in appropriate cases, apply to individual Indians as well. There is no strict need to show tribal relations. The word must be given a racial meaning.

The tax exempt status of the plaintiff is a vested right which cannot be taken by the State of Indiana or its political subdivisions without just compensation. *Choate v. Trapp*, 224 U.S. 665, 32 S.Ct. 565, 56 L.Ed. 941 (1912). See also, *Carpenter v. Shaw*, 280 U.S. 363, 50 S.Ct. 121, 74 L.Ed. 478 (1930), and *Ward v. Board of County Commissioners*, 253 U.S. 17, 40 S.Ct. 419, 64 L.Ed. 751 (1920).

Since we are here dealing with a *nationally* created right in a unique setting the defendants' argument as to exhaustion of state remedies and reference to the state statute of limitations are of no avail here.

The plaintiff is therefore entitled to a permanent injunction from assessing and collecting taxes on the subject real estate and the same is hereby GRANTED. The plaintiff is also entitled to recover the taxes specified in Joint Exhibit 2 and judgment for same is entered accordingly.