**Michael ZWARTON, et al., Plaintiffs,**

v.

**CITY OF CHICAGO, et al., Defendants.**

**No. 85 C 4326.**

United States District Court,
N.D. Illinois, E.D.

Nov. 26, 1985.

Michael Bradley, Midlothian, Ill., for plaintiffs.

Bertina Lampkin, City of Chicago, Ill., for defendants.

GRADY, District Judge.

## ORDER

This is a civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiffs claim that on December 7, 1984, the defendant Graham, a Chicago detective, and other unknown Chicago police officers, subjected them to "strip searches" and body searches, "all without warrant and legal justification." The City of Chicago is joined as a defendant on the basis of plaintiffs' allegation:

9. That the defendant City of Chicago, a Municipal Corporation, did make it a practice, by and through their police officers as agents, servants and employees to strip search various parties from time to time and to search parties from time to time without warrants allowing same and have in the past and most likely in the future will continue to make these unreasonable strip searches and other searches in violation of the laws heretofore set forth, and the City of Chicago in the past have been enjoined from continuing to strip search citizens who have been arrested or as in this particular case, citizens who are not under arrest in violation of the injunction heretofore issued by this court and in willful violation of the rights of its citizens.

Complaint, Count II, ¶ 9. Defendant City of Chicago has moved to dismiss the claim against it for failure to allege the necessary custom, policy or practice. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Plaintiffs contend that the policy and practice allegations of the complaint are sufficient to meet the *Monell* test. We disagree. Plaintiffs have alleged only a single specific incident, namely their own, and that is not enough to establish a custom or policy. That the City "in the past has been enjoined from continuing to strip search citizens" does not tend to show that the practice persisted after the date of the injunction. Paragraph 9, quoted above, is something of a grammatical puzzle, but apparently plaintiffs are attempting to charge that the City has been violating the injunction. Such a conclusory allegation is insufficient, as is the allegation that the City "did make it a practice" to commit the kinds of acts involved in plaintiffs' own encounter with the police. Experience has shown that general allegations of this kind can be made without adequate basis. Municipalities have been put to great expense in defending against such complaints only to be granted summary judgment at the

close of discovery. The better and fairer practice is to require plaintiffs to allege specific facts which show the existence of a custom. *Strauss v. City of Chicago,* 760 F.2d 765, 770 (7th Cir.1985); *Rodgers v. Lincoln Towing Service, Inc.,* 771 F.2d 194, 202 (7th Cir.1985). If they do not have those facts, they should not join the City as a defendant. Rule 11 of the Federal Rules of Civil Procedure provides that the signature of an attorney on a pleading constitutes a certificate that he has read the pleading and that "to the best of his knowledge, information, and belief formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law...." This requires that the specific factual basis for municipal liability exist at the time the municipality is joined in the action. There is no reason not to state in the complaint what that factual basis is.

Discovery in a case against individual defendants may well turn up evidence which will justify amending the complaint to join the municipality. (Plaintiffs' investigation need not, of course, be limited to formal discovery in a lawsuit; there is such a thing as independent investigation prior to and independent of a lawsuit.)

What particular allegations might satisfy *Monell* depends on the facts of the case. What is necessary is a factual allegation which, if proven, would support a finding that the conduct complained of was in the "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy...." *Monell v. New York City Dep't of Social Services,* 436 U.S. 658, 694, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611 (1978). Obviously, there is no exclusive formula. Plaintiff might be able to allege a sufficient number of specific similar incidents to justify the inference that the municipality had approved of the practice. There could be statistical facts which strongly imply a policy or custom. There could even be admissions by responsible officials of the municipality. Conceivably, a single incident, the very one complained of, could occur under circumstances warranting an inference of official approval; but those circumstances would have to be pleaded with particularity.

This action is dismissed as against the defendant City of Chicago for failure to state a claim. Plaintiffs have leave to amend their complaint to rejoin the City of Chicago as a defendant if and when they are able to allege specific facts to show that their injuries were the result of an official policy, custom or practice.