**Bernard L. BREECK, Appellant–
Plaintiff,**

v.

**CITY OF MADISON, Captain Eston
Long, County of Jefferson, Dealton
Bennett, and Bennett Marine Service,
Inc., Appellees–Defendants.**

No. 40A01–9111–CV–349.

Court of Appeals of Indiana,
First District.

May 26, 1992.

Charles B. Gleason, Melbourne Beach, Fla., Michael J. Donahoe, Epstein & Frisch, Indianapolis, for appellant-plaintiff.

Jon W. Webster, Webster & Webster, North Vernon, Frederic X. Shadley, Kathleen Fehr McClure, Benesch, Friedlander, Coplan & Aronoff, Cincinnati, Ohio, for City of Madison.

Robert L. Barlow, II, George A. Leininger, Cooper, Cox, Barlow & Leininger, Madison, for Captain Eston Long and County of Jefferson.

William Prime, Madison, for Dealton Bennett and Bennett Marine Service, Inc.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

Bernard L. Breeck ("Breeck") appeals from a partial summary judgment in favor of the City of Madison ("City"), Captain Eston Long ("Long") and the County of Jefferson ("County"), and Dealton Bennett and Bennett Marine Service, Inc. ("Bennett"), which prevents Breeck from pursuing his claims for punitive damages and violations of civil rights in an action for the return and repair of a barge. We affirm.

## ISSUES

We restate and consolidate the issues on appeal as:

1. Did the trial court err in granting partial summary judgment in favor of City, Long, County, and Bennett on the issue of punitive damages?

2. Did the trial court err in granting partial summary judgment for the claims under 42 U.S.C. § 1983 and on all other causes of action arising from any other federal statute or federal common law?

3. Are the trial court's orders granting partial summary judgment inadequate because of a failure to enter specific findings of fact?

## FACTS [1]

Sometime in March of 1986, a barge allegedly owned by Breeck ("Barge") was beached on the bank of the Ohio River along City's riverfront. The Barge remained on the bank for several months, and no attempts to remove it were apparent. City officials became concerned that the Barge posed a safety hazard to the public, and tried to discover who owned the Barge so they could ask for it to be removed from the bank.

---

1. We note that Breeck's statement of the facts is barely adequate under Ind.Appellate Rule 8.3(A)(5). He presents not even a bare minimum of the facts necessary for our review, and cites his frustration with the trial court and the appellees' failure to specify the facts on which they rely as a justification for this omission. However, as appellant Breeck is required to set forth the facts "relevant to the issues presented for review, with appropriate references to the record," *id.,* our frustration in discerning the factual context of the case is much greater than his alleged "frustration." *See* A.R. 8.3(A)(5); Appellant's Brief at 10–11. However, because such marginal compliance with the rule does not thwart our review, we address Breeck's arguments.

The Barge's owner was not found. City's Board of Public Works and Safety determined at a meeting on July 1, 1986 that the Barge was a nuisance and safety hazard and had been abandoned. Record at 195. Breeck denied any ownership of the Barge. Record at 447, 475–478, and 484. City contracted with Bennett on July 2, 1986 for removal of the Barge. Bennett began removing the Barge on that day, and its removal was completed several days later.

On the night of July 29, 1986, Breeck took the Barge from Bennett's facility where it had been stored. Bennett reported the Barge stolen. During the course of the removal and subsequent recovery of the Barge, Breeck was arrested for disorderly conduct by Long and other members of County's sheriff's department. This charge was later dismissed.

Breeck filed a complaint against City, Long, County, Bennett, and Madison Regatta, Inc. ("Madison")[2] on March 26, 1987. Breeck's claims were under 42 U.S.C. § 1983 ("§ 1983"),[3] and also asked for punitive damages. On April 27, 1987, City filed a petition to remove the case to the United States District Court for the Southern District of Indiana because the complaint purported to state a cause of action under § 1983. City filed a motion to dismiss the § 1983 claims in federal court on May 21, 1987, which the federal court granted on June 11, 1987. Breeck filed a motion to remand the "tort claims and negligence actions" to state court on June 15, 1987, *see* Record at 30, which was granted on July 17, 1987.

Madison filed a motion for summary judgment on March 1, 1990. Bennett filed a motion for partial summary judgment on March 13, 1990. City, Long, and County filed motions for summary judgment on March 14, 1990. Breeck filed opposing motions. A hearing on the summary judgment motions was held on July 10, 1991. The trial court on July 25, 1991 granted partial summary judgments in favor of City, Long, County, and Bennett, and granted summary judgment in full in favor of Madison. On August 23, 1991, the trial court ordered the partial summary judgments entered as of July 25, 1991, and further found that there was no just reason for delay, thereby making the grants of partial summary judgment final appealable orders.

This appeal ensued. Other relevant facts will be stated in our discussion of the issues.

## DISCUSSION AND DECISION[4]

When reviewing the propriety of a ruling on a motion for summary judgment, this court applies the same standard applicable to the trial court. *Webb v. Jarvis* (1991), Ind., 575 N.E.2d 992, 994. We must consider the pleadings and evidence sanctioned by Ind. Trial Rule 56(C) without determining weight or credibility. *Id.* Only if such evidence shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law should summary judgment be granted. *Id.* The movant bears the burden of proving the propriety of summary judgment, and all facts and inferences to be drawn therefrom are viewed favorably to the non-movant. *Jackson v. Warrum* (1990), Ind. App., 535 N.E.2d 1207, 1210. Summary

---

2. Madison Regatta, Inc. was granted summary judgment in full, and is thus not a party to this appeal.

3. Breeck mistakenly refers to the statute as 46 U.S.C. § 1983. We agree with the appellees that this is merely a typographical error, and understand Breeck's contentions to be a claim under 42 U.S.C. § 1983.

4. We note that Breeck's briefs' argument sections come perilously close to failing to meet the cogent argument required by Ind.Appellate Rule 8.3(A)(7). His arguments merely cite authorities without showing how they apply to the facts of his case; this practice directly contradicts the mandate of A.R. 8.3(A)(7), requiring a "clear showing of how the issues and contentions in support thereof relate to the particular facts of the case under review." The arguments are nothing more than statements of abstract propositions of law with no attempt to show how they bear on this case, and we cannot condone such practice. However, given our preference to decide appeals on their merits, we address Breeck's arguments as best we can discern them.

judgment will be affirmed on appeal if it is sustainable on any theory or basis found in the record. *Wingett v. Teledyne Industries, Inc.* (1985), Ind., 479 N.E.2d 51, 54.

*Issue One*

■ We first address the trial court's grant of partial summary judgment in favor of City, Long, County, and Bennett on the issue of punitive damages. We find that the trial court properly granted summary judgment.

■ There is no right to punitive damages absent a special showing. *Travelers Indemnity Co. v. Armstrong* (1982), Ind., 442 N.E.2d 349, 362. To award punitive damages, some evidence is required which is inconsistent with the hypothesis that the tortious conduct was the result of a mistake of law or fact, honest error of judgment, over-zealousness, mere negligence or other such noniniquitous human failing. *Id.* Furthermore, the public interest must be served by the imposition of punitive damages. *Id.* at 362–363. Such damages must be proven by clear and convincing evidence. *Id.* at 363.

On the basis of these tenets of punitive damages under Indiana law, we find that Bennett and Long were entitled to summary judgment. Bennett was acting pursuant to a contract it had with City. *See* Record at 11. Long was acting in the course of his duties as a member of County's sheriff's department; indeed, charges were filed against Breeck following his arrest. *See* Record at 9. Even construing the materials submitted for the summary judgment determination in the light most favorable to Breeck, the conduct he alleges does not approach the level of egregious behavior required to recover punitive damages. The trial court thus properly granted summary judgment to these parties on the issue of punitive damages.

Summary judgment in favor of City and County on the punitive damages issue was also proper. In the Indiana Tort Claims Act, IND.CODE § 34–4–16.5–4 states that a "government entity is not liable for punitive damages." As defined by IND.CODE § 34–4–16.5–2(c), a government entity is the "state or a political subdivision of the state." The definition of a political subdivision in IND.CODE § 34–4–16.5–2(f) includes cities and counties. Therefore, City and County may not be held liable for punitive damages under the Indiana Tort Claims Act.

■ Similarly, City and County are not liable for punitive damages under § 1983, the federal statute under which Breeck sought relief. Municipalities and other local government units are included among those "persons" to whom § 1983 applies. *Monell v. Department of Social Services* (1978), 436 U.S. 658, 690, 98 S.Ct. 2018, 2035, 56 L.Ed.2d 611, 635. However, a municipality is immune from liability for punitive damages under § 1983. *City of Newport v. Fact Concerts, Inc.* (1981), 453 U.S. 247, 271, 101 S.Ct. 2748, 2762, 69 L.Ed.2d 616, 635 [5]; *cf. Smith v. Wade* (1983), 461 U.S. 30, 51, 103 S.Ct. 1625, 1637, 75 L.Ed.2d 632, 651 (punitives may be assessed in actions under § 1983 when defendant's conduct is shown to be motivated by evil motive or intent, or when it involves callous indifference to federally-protected rights of others). Thus, City and County are immune from any punitive damage claim by Breeck and this portion of summary judgment was proper.

*Issue Two*

■ Breeck also argues that the trial court erred in granting summary judgment on his substantive claims under § 1983 and other federal claims. We find that summary judgment was proper.[6]

---

**5.** We note that municipalities are also immune from punitive damage claims under 42 U.S.C. § 1985. *Bell v. City of Milwaukee* (7th Cir. 1984), 746 F.2d 1205, 1270. Although Breeck did not allege a claim under 42 U.S.C. § 1985 in his initial complaint, *see* Record at 7–9, he seems on appeal to argue for recovery under this statute as well. *See* Appellant's Brief at 18–20; Reply Brief at 8; 16. Though Breeck has arguably waived this basis for relief, *see* A.R. 8.3(A)(7), we merely note that he would not prevail on this argument even had he presented cogent argument.

**6.** Bennett was granted partial summary judgment only on the issue of punitive damages; apparently, no claim under § 1983 was made against Bennett. Record at 7–10; 176. Thus,

To maintain an action under § 1983, Breeck needed to show a deliberate plan or course of action by City and County, namely, that Breeck suffered a constitutional deprivation by a municipality's policy or custom. *Hossman v. Blunk* (7th Cir.1986), 784 F.2d 793, 796. This Breeck has failed to do.

The policy or custom which causes a deprivation of a plaintiff's constitutional rights cannot be inferred from a single deprivation alone. *Id.* at 796–797; *cf. Ross v. United States* (7th Cir.1990), 910 F.2d 1422, 1430 (where particular course of action is authorized by municipality's authorized decisionmakers, it represents policy rightly attributed to governmental entity, and in such a case, there is no need to resort to proof of policy's multiple applications to attribute its existence to municipality). Furthermore, a sufficient causal link must be shown between the policy or custom and the constitutional deprivation which the plaintiff alleges. *Jones v. City of Chicago* (7th Cir.1986), 787 F.2d 200, 203.

Here, Breeck has failed to show issues of material fact regarding a policy or custom City or County had which caused a deprivation of his constitutionally-protected rights. He alleges only that his barge, which he had previously denied owning, was removed from a shore upon which it had beached, after City had contracted with a private company for its removal, pursuant to a resolution at a meeting of City's Board of Public Works and Safety. Record at 7–9; 11; and 195. Breeck does not demonstrate the policy or custom required, and alleges only this single act of deprivation; thus, he fails the threshold requirements to maintain an action under § 1983. *See* 42 U.S.C. § 1983 (1986 and Supp.1991); *Zwarton v. City of Chicago* (N.D.Ill.1985), 625 F.Supp. 1211, 1211 (where plaintiffs alleged only their own single, specific incident, such showing insufficient to survive motion to dismiss in § 1983 action against city); *see also City of Oklahoma City v. Tuttle* (1985), 471 U.S. 808, 823–824, 105 S.Ct. 2427, 2436, 85 L.Ed.2d 791, 804 (proof of

single incident of unconstitutional activity not sufficient to impose liability under § 1983, unless proof of incident also includes proof that it was caused by existing unconstitutional municipal policy, which policy can be attributed to municipal policymaker; where policy relied upon is not itself unconstitutional, considerably more proof than single incident will be necessary in every case to establish both requisite fault by municipality and causal connection between policy and constitutional deprivation); *but cf. Pembaur v. City of Cincinnati* (1986), 475 U.S. 469, 480, 106 S.Ct. 1292, 1298, 89 L.Ed.2d 452, 463 (municipal liability may be imposed for single decision by municipal policymakers under appropriate circumstances, such as where single decision by municipality's properly constituted legislative body—whether that body had taken similar action in past or intended to do so in future—because even single decision by such body unquestionably constitutes act of official government policy).

Breeck seems to argue after the fact that the ordinance which redefined City's boundaries was not properly passed. *See* Appellant's Brief at 18; Reply Brief at 5–6; 10. However, even if Breeck could show that the ordinance was improperly passed, which he does not, such showing would not establish a pattern of custom or policy by City, required to sustain Breeck's § 1983 claim. *See Hossman*, 784 F.2d at 796. Thus, summary judgment was proper.

Even if City were subject to Breeck's substantive claims under § 1983, which we do not find, such claims would be barred by *res judicata* by virtue of the decision by the District Court dismissing the portion of the complaint asserting a claim under § 1983 against City. *See* Record at 28. *Res judicata* is composed of two branches: claim preclusion and issue preclusion. *In re Marriage of Moser* (1984), Ind., 469 N.E.2d 762, 765–766. The application of the doctrine of claim preclusion requires the establishment of four elements: the former judgment was issued by a court with jurisdiction; the matter now in

we address Breeck's claims under § 1983 as

being against City, County, and Long.

issue was or might have been determined in the former suit; the parties or their privies are identical; and, there was a judgment on the merits. *Popp v. Hardy* (1987), Ind.App., 508 N.E.2d 1282, 1286. Moreover, claim preclusion applies to actions brought under § 1983 with respect to issues actually litigated and those which could have been litigated. *Williams v. Duckworth* (N.D.Ind.1985), 617 F.Supp. 597, 599.

Clearly, Breeck's federal claims are barred by claim preclusion. The federal court had jurisdiction over the action, the § 1983 claims were decided adverse to Breeck in federal court, *see* Record at 28, the parties are identical, and the dismissal operates as a judgment on the merits. *See Jacobs v. City of Columbus* (1983), Ind. App., 454 N.E.2d 1253, 1263, *trans. denied* (dismissal for failure to state claim is adjudication on merits). Indeed, Breeck himself conceded that these claims had been fully adjudicated against him in his motion to remand the remaining claims to state court. *See* Record at 30–31 ("basis for Federal Jurisdiction having been removed by the dismissal as to the alleged Civil Rights cause under 42 U.S.C. 1983 this Cause should be remanded to State Court wherein the parties may resume their tort claims and negligence actions"). Breeck's claim must fail.

*Issue Three*

 Finally, Breeck contends that the trial court's orders granting partial summary judgment are inadequate because of a failure to enter specific findings of fact. We disagree.

■ There is no requirement in Ind.Trial Rule 56 that the trial court specifically state the legal basis for granting summary judgment. *Shallenberger v. Scoggins–Tomlinson, Inc.* (1982), Ind.App., 439 N.E.2d 699, 703; T.R. 56(C). The trial court must state the issues and claims upon which summary judgment is granted only where summary judgment is granted on less than all of the issues. *Meier v. Pearlman* (1980), Ind.App., 401 N.E.2d 31, 35, *cert. denied* (1981), 449 U.S. 1128, 101 S.Ct. 948, 67 L.Ed.2d 115. Here, the trial court carefully delineated the issues upon which summary judgment was granted and those which remained for trial. *See* Record at 173–177. Although summary judgment was granted on the issues of punitive damages and the federal claims under § 1983, the state tort law claims were preserved, and must be resolved at trial. The trial court's orders are clear regarding which issues are resolved by summary judgment and which issues remain for trial. Breeck again shows no error.

We reiterate that our affirmance of the trial court's judgments relates only to the grants of partial summary judgment. Whatever claims remain following such judgments, which were not disposed of by the trial court's orders, must still be resolved.

Affirmed.

BAKER and BARTEAU, JJ., concur.