**Scott TURNER, Appellant–Defendant,**

v.

**Raymond STUCK, Appellee–Plaintiff.**

**No. 49A02–0203–CV–180.**

Court of Appeals of Indiana.

Nov. 13, 2002.

Loren J. Comstock, Indianapolis, IN, Attorney for Appellant.

Eric C. Redman, Indianapolis, IN, Attorney for Appellee.

## OPINION

KIRSCH, Judge.

Scott Turner appeals the trial court's grant of summary judgment in favor of Raymond Stuck. The sole issue presented for our review is whether the trial court erred in granting Stuck's motion for summary judgment based upon Turner being judicially estopped from asserting a position in the instant litigation different than the position taken in a prior unrelated proceeding.

We affirm.

## FACTS AND PROCEDURAL HISTORY

In 1985, Turner and Stuck entered into an oral partnership for the purpose of purchasing a 1986 Silverton forty-foot boat. On December 4, 2000, Stuck filed his complaint seeking dissolution of the partnership and an order to sell the boat. Two weeks later, on December 19, Turner executed a document assigning to his uncle, Joe Theising, "the sum of Seventy-Five Thousand Dollars ($75,000.00) of his distributive share of the rights and interests to or in, the 1986 Silverton 40′ convertible boat, owned jointly by [Turner and Stuck]." *Appellant's Appendix* at 125. On January 25, 2001, Turner, in his answer to Stuck's complaint, admitted the existence of the partnership and the partnership asset and counterclaimed for his value in the boat.

Prior to the litigation concerning the boat, Turner's wife filed a dissolution petition on June 8, 1999. The trial court granted the dissolution and approved the parties' property settlement agreement on February 5, 2001. In the property settlement agreement, Turner stated that he does not own the boat:

> Husband represents that he transferred his interest in the Silverton boat to his uncle prior to the filing of these divorce proceedings and therefor[e] that asset is not a marital asset and is not assigned to either party. Wife shall file a disclaimer of any interest, in the boat, [sic] in the litigation pending under [this cause].

*Appellant's Appendix* at 119.

On March 13, 2001, Stuck filed an amended complaint, alleging inter alia, that Turner transferred or assigned his interest in the boat to Theising prior to the filing of the settlement of the dissolution proceeding. In response, Turner denied that he assigned his interest in the boat to Theising. Subsequently, Theising submitted an affidavit disclaiming any interest in the boat. Turner's ex-wife also disclaimed any interest in the boat. Stuck filed his summary judgment motion based upon these disclaimers and Turner's own statement of no interest in the boat that he made in the dissolution proceeding. Following a hearing, the trial court granted the motion for summary judgment on December 28, 2001. Turner now appeals.

## DISCUSSION AND DECISION

On appeal, Turner argues that the trial court erred in granting summary judgment in favor of Stuck. He contends that the trial court failed to state with particularity the reasons for granting the motion and that genuine issues of material fact remain which preclude summary judgment. In response, Stuck maintains that

the trial court is not required to state with particularity the reasons for granting a summary judgment motion. He claims that this is especially true in cases such as this where the summary judgment is based on only a single theory—here, judicial estoppel. Contending that once the trial court determined that judicial estoppel bars Turner from claiming an interest in the boat, Stuck argues that all other issues such as the value of the boat or the total assets of the partnership were irrelevant.

Our standard of review on appeal with respect to summary judgment is well settled. The purpose of summary judgment is to end litigation about which there can be no factual dispute and which may be determined as a matter of law. *LeBrun v. Conner,* 702 N.E.2d 754, 756 (Ind.Ct.App. 1998). When reviewing a decision on a summary judgment motion, we apply the same standard as the trial court. *Wickey v. Sparks,* 642 N.E.2d 262, 265 (Ind.Ct. App.1994), *trans. denied* (1995). Summary judgment is appropriate only when the designated evidentiary material shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C); *State Farm Fire Cas. Co. v. T.B. ex rel. Bruce,* 762 N.E.2d 1227, 1230 (Ind.2002). Therefore, on appeal, we must determine whether there is a genuine issue of material fact and whether the trial court has correctly applied the law. The party appealing the grant of summary judgment has the burden of persuading this court on appeal that the trial court's ruling was erroneous. *Id.; Jordan v. Deery,* 609 N.E.2d 1104, 1107 (Ind.1993). Nevertheless, we carefully review the trial court's decision to ensure that the nonmovant was not improperly denied his or her day in court. *State Farm,* 762 N.E.2d at 1230.

■ Summary judgment orders do not require specific findings or conclusions.

*Jones v. Western Reserve Group/Lightning Rod Mut. Ins. Co.,* 699 N.E.2d 711, 714 (Ind.Ct.App.1998), *trans. denied* (1999). Pursuant to T.R. 56(C), the trial court must state the issues and claims upon which summary judgment is granted only when summary judgment is granted upon less than all the issues. *Wolfe v. Stork RMS–Protecon Inc.,* 683 N.E.2d 264, 267 (Ind.Ct.App.1997). Otherwise, the rule imposes no requirement upon the trial court to specifically state the legal basis for granting summary judgment. *Id.* Although the trial court's findings and conclusions facilitate appellate review and offer valuable insight into the trial court's rationale for its decision, they are not binding upon this court. *Jones,* 699 N.E.2d at 714. Further, although we may prefer that trial judges set forth their reasons for granting summary judgment with particularity in certain cases, there is no requirement that they do so. *Shearer v. Pla–Boy Inc.,* 538 N.E.2d 247, 250 (Ind. Ct.App.1989). On review, we will affirm the summary judgment if sustainable upon any theory or basis found in the record upon appeal. *Id.*

■ Here, the trial court stated in its order granting summary judgment that it found that Turner "has no legal interest in the 1986 Silverton 40′ Convertible Boat which is the subject of this litigation and [he] has no partnership interest in said boat." *Appellant's Appendix* at 140. Despite Turner's argument to the contrary, the trial court adequately explained its reasoning for granting summary judgment in favor of Stuck given the basis of Stuck's motion for summary judgment.

■ Further, Stuck correctly argues that judicial estoppel has been held to prevent a party from asserting a position in a legal proceeding inconsistent with one previously asserted. *Wabash Grain Inc. v. Smith,* 700 N.E.2d 234, 237 (Ind.Ct.App.

1998), *trans. denied* (1999); *Shewmaker v. Etter*, 644 N.E.2d 922, 931 (Ind.Ct.App. 1994), *adopted on trans.*, *Hammes v. Brumley*, 659 N.E.2d 1021 (Ind.1995).

> [I]t is the general rule that allegations or admissions in pleadings in a former action or proceeding will ordinarily estop the party making them from denying their truth in a subsequent action or proceeding in which he is a party to the prejudice of his opponent where the usual elements of estoppel by conduct are present. Also, there must have been a determination of the prior action, or, at least, the allegations or admissions must have been acted on by the court in which the pleadings were filed or by the parties claiming the estoppel.

*Id.* (quoting *Tobin v. McClellan*, 225 Ind. 335, 346–47, 73 N.E.2d 679, 684 (1947) (citations and quotations omitted)). " 'Unlike equitable estoppel, which focuses on the relationship between the parties, judicial estoppel focuses on the relationship between a litigant and the judicial system.' " *Id.* at 238 (quoting 31 C.J.S. *Estoppel and Waiver* § 139 (1996)). Judicial estoppel is intended to protect the integrity of the judicial system rather than to protect litigants from allegedly improper action by their opponents. *Id.* "It does so by preventing a party and its counsel from playing fast and loose with the courts." *Smith v. State*, 765 N.E.2d 578, 583 (Ind. 2002) (citing *GEICO Ins. Co. v. Rowell*, 705 N.E.2d 476, 481 (Ind.Ct.App.1999)).

■ Here, Turner's attempt to deny any interest in the boat in the dissolution proceeding and then his assertion of interest in the present litigation can certainly be construed as "playing fast and loose" with the courts. In the present litigation, Turner argued that he merely assigned a financial interest to the partnership assets to Theising and that he did not divest himself of his partnership interest. However, the property settlement agreement from the prior proceeding indicates that he transferred his interest in the boat to his uncle prior to the filing of the dissolution proceeding and that the asset was therefore not a marital asset assigned to either him or his wife. Turner's position in the dissolution proceeding was that he did not own the boat, which is contrary to his later assertion that he does in fact own the boat as a partnership asset and that this interest has not been transferred or assigned to anyone else. Turner took the position that he did not own the boat in the dissolution proceeding to prevent the boat from becoming part of the marital estate. In the present litigation, he may not now argue the opposite position.

Turner has taken inconsistent positions and therefore is estopped from pursuing his counterclaim against Stuck and defending the action brought against him. The trial court accordingly did not err in granting summary judgment in favor of Stuck.

Affirmed.

BROOK, C.J., and DARDEN, J., concur.