David, J., dissenting.
I respectfully dissent from the denial of transfer in this case. I would grant transfer, reverse the trial court's order granting summary judgment and remand the matter.
The critical issue in this case is whether the doctrine of judicial estoppel applies, which would result in summary judgment against Ellis and bar his claim that he has an ownership interest in Keystone Construction Corporation. The Court of Appeals decision says judicial estoppel applies, but I don't believe the doctrine has any application in this matter.
Here, Ellis, who had experience in the construction industry, claims he went to work for Keystone because the owner of Keystone offered to make him a partner with a 20% ownership interest. Ellis' partnership status was never formalized and a dispute about Ellis' ownership interest arose. At the same time, Ellis was in the process of dissolving his marriage. He and his then wife agreed not to include the Keystone interest as part of their settlement agreement because they did not want to delay or complicate the divorce. Instead, they agreed to equitably divide Ellis' Keystone interest once the ownership issue was resolved. Because the settlement agreement contained boilerplate language that indicated the parties had disclosed all property interests in the agreement, Keystone, in its litigation with Ellis over his ownership interest, sought to judicially estop Ellis from claiming any ownership interest.
Judicial estoppel prevents a party from asserting a position in a legal proceeding inconsistent with one previously asserted. Smith v. State, 765 N.E.2d 578, 582 (Ind. 2002). The purpose of judicial estoppel is to protect the integrity of the judicial process rather than to protect litigants from allegedly improper conduct by their adversaries. Id. at 583 (citing Wabash Grain, Inc. v. Smith, 700 N.E.2d 234, 238 (Ind. Ct. App. 1998), trans. denied ). It does so by preventing a party and its counsel from playing fast and loose with the courts. Id. at 583-84. "[A]bsent a good explanation, a party should not be permitted to gain an advantage by litigating on one theory and then pursue an incompatible theory in subsequent litigation." Alaska Seaboard Partners Ltd. P'ship v. Hood, 949 N.E.2d 1247, 1254 (Ind. Ct. App. 2011).
I do not believe Ellis played "fast and loose" with the court, nor is there evidence he gained any advantage in his dissolution by not disclosing his Keystone interest. I believe Keystone is using the doctrine of judicial estoppel as a sword, instead of as a shield. As a result, Keystone has now been given a windfall at the expense of Ellis when there was no underlying deceit or bad-faith and no court was embarrassed or taken advantage of. I do not know the size of the windfall accruing to Keystone, but it may be hundreds of thousands or even millions of dollars. This is all because both Ellis and his former wife agreed, in their *1087 unrelated divorce proceeding, to exclude his contested ownership interest in a construction business from the marital estate and resolve the ownership issue later between themselves.
How can this possibly justify a "fine" or "penalty" of hundreds of thousands or even millions of dollars? It does not. How is Keystone harmed by allowing the litigation to proceed? It is not.
No prior precedent has expanded the doctrine of judicial estoppel as much as this case has done. While the Court of Appeals notes that it has previously applied judicial estoppel to a similar situation and points to Turner v. Stuck, 778 N.E.2d 429 (Ind. Ct. App. 2002), that case is different than the present one. In Turner, the husband, explicitly denied any ownership interest in a boat in his settlement agreement: "Husband represents that he transferred his interest in the Silverton boat to his uncle prior to the filing of these divorce proceedings..." 778 N.E.2d at 430. Thus, it makes sense that husband was later estopped from claiming he did, in fact, own that boat in litigation over its ownership. Id. at 432. Conversely, here, Ellis made no explicit representation about Keystone ownership in the settlement agreement with his wife; the ownership interest was simply not mentioned. I do not believe boilerplate language indicating that all property is in the agreement is the same as an explicit denial that one owns a particular piece of property. Had Ellis explicitly denied any interest in Keystone in the agreement, I believe we would be in a different position.
As it stands, I believe Ellis has been deprived of his day in court based upon the incorrect application of the doctrine of judicial estoppel. I would reverse.